UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                               Case No. 8:15-CR-222-T-23TBM

VICTOR MANUEL JAMA MAFARE
_____/

**DEFENDANT'S REQUEST FOR A REASONABLE SENTENCE**

The Defendant, VICTOR MANUEL JAMA MAFARE, by undersigned counsel and pursuant to 18 U.S.C. §3553(a), hereby respectfully moves this Court for a sentence of ten years, and submits that such a sentence is reasonable and no higher than necessary to accomplish the goals of sentencing. In support, Mr. Mafare highlights the following:

Mr. Mafare is being sentenced for his role in a conspiracy to possess with intent to distribute over five kilograms of cocaine while onboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§70503(a)(1), 70506(a) and (b), and 21 U.S.C. §960(b)(1)(B)(ii). Doc. 1. Mr. Mafare was part of a three-man crew who were hired for the sole purpose of transporting 16 bales of cocaine from Colombia to Costa Rica. Mr. Mafare was not the captain of the vessel. Based on the amount of cocaine seized and his criminal history of I, the advisory guideline range for Mr. Mafare is 135-168 months' imprisonment *See*

1

PSR at ¶¶ 15, 21, 33, 60.  There is a minimum mandatory term of imprisonment of ten years. *See* 21 U.S.C. § 960(b)(1)(B)(ii); PSR §59.

Mr. Mafare was born and raised in Esmeralda, Ecuador.  PSR at ¶38.  Mr. Mafare was one of six children.  The family was poor, and Mr. Mafare's often did not have enough food to eat.  Mr. Mafare was forced to quit school at an early age to work to earn money to support his family.  Mr. Mafare has a sixth grade education.  *Id*.

Mr. Mafare developed a significant addiction to alcohol and cocaine from an early age, and he admits that these addictions have created many obstacles to his success in life.  These addictions also contributed to his criminal conduct in this case.  PSR at ¶¶ 53-54.

Mr. Mafare was motivated to take the trip for which he now faces punishment by his need to support his wife and children. Mr. Mafare was offered $10,000  to act as a crewman  on a "go fast" panga across open waters to Costa Rica with an amount of cocaine that was later estimated to be 560 kilograms. *See* PSR at ¶¶ 15, 21.  Mr. Mafare received $2,000 up front, which he gave to his common-law wife so that she could provide for his two children to go to school where they reside in Guayaquil, Ecuador. Mr. Mafare was not the load guard or the captain.  Although destined for Coasta Rica, the go-fast was  intercepted by the Coast Guard on June 6, 2015. *See* Factual Basis in Plea Agreement, at pgs. 18-19.

2

Doc. 25.  Mr. Mafare is remorseful for his conduct and will be easily deterred by any period of prison that keeps him away from his family.

Since his arrest, Mr. Mafare has made every effort to cooperate with the government.  He has met and proffered with government agents in compliance with his promises made in the plea agreement. *See* Doc. 25, pgs. 5-11. Because Mr. Mafare was not the first person to fully debrief, the government has informed counsel that they will not seek a reduction of sentence pursuant to USSG § 5K1.1. Mr. Mafare consider Mr. Mafare's willingness to assist the government in its overall determination of the USSG § 3553(a) factors.

Additionally, even though the guideline ranges and general facts of these "boat cases" are often very similar, the defendants each have their own independent motivations, families, and backgrounds. This Court is well aware of his ability to consider such mitigating information pursuant to 18 U.S.C. §3553(a) when imposing a reasonable sentence. Here, this hazardous undertaking involved an exposed panga on open waters (known to be patrolled by the U.S. Coast Guard and other armed vessels) for the purpose of making money to support Mr. Mafare's family.  Mr. Mafare respectfully asks this Court to view his role in the larger scope of the entire drug conspiracy, his financial motives for joining in this trip, and the small scale of the venture that he captained.

Based on the above-stated factors, Mr. Mafare asks this Court to impose a sentence of ten years (121 months), which is the statutory mandatory minimum sentence. Such a sentence, under the circumstances of this case, will appropriately punish Mr. Mafare's conduct, will deter Mr. Mafare and others like him, and takes into account Mr. Mafare's life circumstances. Such a sentence is also reasonable and no higher than necessary to accomplish the goals of sentencing.

Respectfully submitted this 23rd day of December, 2015.

                                          DONNA LEE ELM
                                        FEDERAL DEFENDER

                                        *s/ Mary A. Mills*
                                        Mary A. Mills
                                        Florida Bar No. 0038369
                                        Assistant Federal Defender
                                        400 N. Tampa Street, Suite 2700
                                        Tampa, FL 33602-3945
                                        Telephone: 813-228-2715
                                        Facsimile:  813-228-2562
                                        Email:  Mary_Mills@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of December, 2015, a true and correct copy of the foregoing was furnished by using the CM/ECF system with the Clerk of the Court, which will send notice of the electronic filing to the following:

Joseph Ruddy, AUSA

*s/ Mary A. Mills*
Mary A. Mills
Assistant Federal Defender